[991 NYS2d 338]

In the Matter of RONY PRINCIVIL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 27, 2014

## APPEARANCES OF COUNSEL

*Robert A. Green,* Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition, dated April 12, 2013, containing two charges of professional misconduct. After a hearing conducted on December 12, 2013, the Special Referee issued a report, which sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems appropriate. Although served with a copy of this motion, the respondent has not submitted any papers in response, or requested additional time in which to do so.

Charge one alleges that the respondent breached his fiduciary duty by failing to preserve client funds entrusted to him in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to preserve client funds entrusted to him in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). Both charges emanate from a common set of facts, as follows:

In or about 2003, the respondent was retained by Marie St. Cyrto represent her interests in a personal injury action against Consolidated Edison Company of New York. Ms. St. Cyr's personal injury action was settled, and pursuant thereto, the respondent received $40,000 (hereinafter the settlement funds) from

Consolidated Edison Company of New York. On August 17, 2011, the respondent deposited the settlement funds into his Washington Mutual trust account, bearing account No. xxxxxxx983 (hereinafter the trust account). The respondent remitted two checks from the trust account, totaling $19,989.94, to Ms. St. Cyr, representing her share of the settlement funds. Ms. St. Cyr did not attempt to negotiate the settlement checks until June 2012. During the intervening period, from September 13, 2011 through October 2011, the balance in the respondent's trust account was less than the $19,989.94 he was required to maintain on behalf of Ms. St. Cyr. On October 31, 2011, the balance in the trust account was $5,177.94.

As a result of a security breach, the respondent closed his trust account, and on March 13, 2012, he opened an IOLA account at Washington Mutual Bank. At this time, the settlement checks issued to Ms. St. Cyr from the trust account had not been negotiated and were outstanding. The respondent admitted that he did not notify Ms. St. Cyr that he had closed the trust account.

In June 2012, Ms. St. Cyr attempted to negotiate the settlement checks and was apprised that the trust account had been closed. After receiving an inquiry from Ms. St. Cyr, and prior to the respondent's receipt of the letter notifying him of the Grievance Committee's investigation in this matter, the respondent issued two replacement checks and forwarded them to his client by certified mail. Ms. St. Cyr failed to claim the certified mail containing the replacement checks. However, she ultimately received her settlement funds from the respondent.

In view of the respondent's admissions, and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained charges one and two. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Court has considered the mitigation offered by the respondent including his expression of sincere remorse, his extensive pro bono contributions, his previously unblemished record, and the absence of pecuniary loss to his client. The Court also has considered the respondent's request to limit the sanction to a private censure or alternatively, if a suspension is imposed, to provide credit for the time elapsed under the order of interim suspension.

Under the circumstances of this case, including the aforementioned mitigating circumstances, the respondent is suspended

from the practice of law for a period of six months, with credit for the time elapsed under the order of interim suspension.

ENG, P.J., MASTRO, RIVERA, SKELOS and LOTT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Rony Princivil, is suspended from the practice of law for a period of six months, commencing immediately, with credit for the time elapsed under the interim suspension imposed by decision and order on motion of this Court dated September 13, 2013, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement immediately upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Rony Princivil, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Rony Princivil, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).