Matter of Princivil (2020 NY Slip Op 02032)





Matter of Princivil


2020 NY Slip Op 02032


Decided on March 25, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-09706

[*1]In the Matter of Rony Princivil, a suspended attorney. Grievance Committee for the Tenth Judicial District,petitioner; Rony Princivil, respondent. (Attorney Registration No. 2864288)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 4, 1998. By decision and order on motion dated September 13, 2013, in a separate proceeding under Appellate Division Docket No. 2013-04717, this Court, inter alia, immediately suspended the respondent from the practice of law pursuant to former 22 NYCRR 691.4(l)(1)(ii) and (iii) based upon his failure to cooperate with the Grievance Committee and other uncontroverted evidence of professional misconduct. By opinion and order dated August 27, 2014, this Court confirmed a Special Referee's report sustaining all charges in that proceeding, and suspended the respondent from the practice of law for a period of six months, with credit for the time elapsed under the immediate suspension imposed by the decision and order on motion dated September 13, 2013 (see Matter of Princivil, 122 AD3d 23), based upon unrelated charges. By decisions and orders on motion of this Court dated November 3, 2016, and February 6, 2019, the respondent's first and second motions for reinstatement were denied.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
.On August 8, 2019, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice of petition and a verified petition, both dated July 31, 2019, and duly filed those papers with this Court together with an affidavit of service. The verified petition contains six charges of professional misconduct, which allege, inter alia, that the respondent, a suspended attorney, practiced law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, failed to cooperate with the Grievance Committee in an investigation of two sua sponte complaints of professional misconduct, and failed to re-register as an attorney with the Office of Court Administration for three consecutive registration periods. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served by the Grievance Committee, by mail, upon the respondent on September 4, 2019, he has neither opposed the motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated July 31, 2019, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated July 31, 2019, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Rony Princivil, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Rony Princivil, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Rony Princivil, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Rony Princivil, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court